BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
FRANK R. PAPAGNI, Jr., OSB #762788
Assistant United States Attorney
frank.papagni@usdoj.gov
405 E. 8th Avenue, Suite 2400
Eugene, OR  97401
Telephone:  (541) 465-6771
Facsimile:  (541) 465-6917
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | 6:17-CR-00274-MC |
| v. | GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR ORDER ALLOWING ISSUANCE OF RULE 17(C) SUBPOENAS *DUCES TECUM* (ECF 26) |
| RONALD WAYNE THRASHER, JASON JAMES PUCKETT, and TYLER WAYNE FULLER, | |
| **Defendants.** | |

The United States of America, by Billy J. Williams, United States Attorney for the District of Oregon, and Frank R. Papagni, Jr., Assistant United States Attorney, respectfully responds to defendant's motion for the Court to Order allowing his issuance of subpoenas *duces tecum* to law enforcement agencies.  ECF 26 at 2.

### Purpose for Motion

Defendant seeks information about a person he believes to be the confidential informant. Defendant asserts such information is relevant to challenging certain assertions made by the affiant about the informant in a suppression motion.

Defendant claims such information will enable him to make a substantial showing that the affiant deliberately or recklessly made false statements or omitted statements essential to the judicial officer's finding of probable cause. *Franks v. Delaware,* 438 U.S. 154-55, 171-72 (1978).

### Probable Cause – A Practical, Common-Sense, Nontechnical Concept

Probable cause to search means there is "fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).  The Supreme Court defined probable cause as "a practical, nontechnical conception" based on "common-sense conclusions about human behavior." *Id.* at 231 (internal quotation marks and citations omitted).  When determining if probable cause exists, a court is to consider the "totality of the circumstances." *Id.* at 238.

### Reason for Motion

Defendant recognizes the affidavit submitted to the judge supported a probable cause finding and issuance of a warrant to search his residence and vehicle. *Illinois v. Gates*, 462 U.S. 213, 238 (1983)(probable cause to search means there is "fair probability that contraband or evidence of a crime will be found in a particular place").  Even if defendant could prove otherwise, incriminating evidence seized in good faith reliance on that warrant would be admissible against him. *United States v. Leon*, 468 U.S. 897, 905 (1984).

Defendant's remaining option is to gather information in an attempt to make a substantial showing the affiant's statements were deliberately false or demonstrated reckless disregard for the truth. *Franks*, 438 U.S. at 155-56, 171.  If he makes such a showing, defendant then must prove by a preponderance of the evidence the challenged statement(s) or omission(s) were essential to the judicial officer's finding of probable cause. *Franks*, 438 U.S. at 155-56, 171-72;

*United States v. Fowlkes*, 804 F.3d 954, 969 (9th Cir. 2015)(no hearing required because defendant failed to show allegedly false statements were necessary to finding of probable cause); *United States v. Ruiz*, 758 F.3d 1144, 1149-51 (9th Cir. 2014)(no hearing required because defendant offered unconvincing evidence to support claim that omissions from affidavit were reckless or intentionally misleading).

In other words, after redacting the allegedly false statements and inserting information defendant claims the affiant deliberately or recklessly omitted, if the affidavit still supports a probable cause finding, there is no need for a *Franks* hearing and the suppression motion must be denied. *See e.g., United States v. Mullins*, 803 F.3d 858, 862 (7th Cir. 2015)(no hearing required when correcting factual inaccuracies would not alter probable cause finding); *United States v. Pavulak*, 700 F.3d 651, 666 (3rd Cir. 2012)(no hearing required because defendant failed to show omitted information would negate finding of probable cause).

## Grounds Given for Granting Motion

Defendant asserts the affiant's asserting his agreement to sell methamphetamine to the confidential informant (CI) within 48 hours of 5/19/2017, was "misleading and false" because the call was on 5/19/2017. He contends the affiant's expanding the time period of the CI's phone conversation with him from the same day to within 48 hours, and speaking to the CI within 7 days of instead of the same day was intended to "create the false illusion" that the affiant "carefully corroborate(d) aspects of the informant's account." ECF 26 at 9. An equally, if not more convincing reason, was the affiant's desire to protect the CI's identity from a felon convicted of possessing a firearm, trafficking in drugs and burglary. ECF 27, Exhibit A at 3.

Defendant complains the statement he had five convictions for delivery and six for possessing illegal controlled substances, instead of only two for delivery and three for

possession.  He fails to discuss how having five illicit drug convictions as opposed to eleven was essential to the judge's probable cause finding.  Defendant does not acknowledge the affiant correctly reported his other convictions and failed to include a second federal conviction for being a felon in possession of a firearm.

Again ignoring legitimate concerns for not identifying the CI, defendant dislikes the affiant not dating the CI's prior convictions and correlating them with the CI's prior cooperation. Defendant contends two misstatements (the affiant's statement the CI had five instead of six prior illicit drug convictions and the statement that the CI had one instead of four identity theft convictions) and one omission (the CI's misdemeanor convictions) could have altered the judge's decision to issue the warrant.  Defendant does not credit the affiant for including the CI's "Hindering Prosecution" conviction.

Circuit courts repeatedly and have long recognized that "[t]he jargon of the narcotics trade and the codes that drug dealers often use constitute specialized bodies of knowledge . . . and therefore proper subjects of expert opinion."[1] *United States v. Plunk*, 153 F.3d 1011, 1017 (9th Cir. 1998), *overruled on other grounds by United States v. Handy*, 203 F.3d 1160, 1169, n. 7 (9th Cir. 2000); *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007)(a witness can testify as an expert regarding coded words and offer his interpretation of vague or ambiguous statements that are not considered coded).  Long ago, the Supreme Court instructed courts to

---

1 *United States v. Riveria-Rosario*, 300 F.3d 1, 16 (1st Cir. 2002); *United States v. Dukagjini*, 326 F.3d 45, 54-55 (2d Cir. 2003); *United States v. Theodoropoulos*, 866 F.2d 587 (3d Cir. 1998), *overruled on other grounds, United States v. Price*, 76 F.3d 526 (1996); *Burton v. United States*, 237 F.3d 490, 499-500 (5th Cir. 2000);  *United States v. Ceballos*, 302 F.3d 679 (7th Cir. 2002); *United States v. Coleman*, 284 F.3d 892, 893 (8th Cir. 2002); *United States v. Quitana*, 70 F.3d 1167, 1170-71 (10th Cir. 1995); *United States v. Cano*, 289 F.3d 1354 (11th Cir. 2002); *United States v. Walls*, 70 F.3d 1323, 1326 (D.C. Cir. 1995).

give deference to an officer's inferences of criminal activity from behavior not facially criminal based on the officer's experience, training, and expertise. *Texas v. Brown*, 460 U.S. 730, 742-43 (1983).

Nevertheless, despite the affiant's lengthy declaration (six single-spaced pages) about his experience, training and expertise, defendant attacks the affiant's reported conclusion about the phone conversation between defendant and CI. Defendant contends the absence of an "explicit 'agreement' to sell methamphetamine," "any mention of an "agreement" or "drugs" between two drug traffickers during a phone conversation means the affiant's conclusion must be "false." *See also ECF 27, Exhibit B at 1* ("CI had previously explained that he/she would use code to speak to Thrasher, and never spoke of the actual controlled substances, prices, or amounts in plain language. CI explained the code words he/she used during the conversation myself (Detective Wall) and Officer Spano listened to, referred to him/her attempting to obtain more methamphetamine.").

Defendant suggests a better way corroborate the CI's information would be have been for the CI to make a "controlled purchased of methamphetamine from him." ECF at 9. An even better corroboration could have been through surveillance photographs, videos and recordings of defendant selling methamphetamine. Nevertheless, a review the CI's cellular telephone confirmed the CI made several calls to defendant's cellular telephone, the CI identified defendant from a photograph, and the CI directed detectives to the defendant's Madras residence where the CI purchased methamphetamine. These factors combined with the affiant listening to the CI's call defendant to discuss a meeting (at defendant's residence) to purchase methamphetamine also effectively corroborates the CI's information.

Defendant questions why the affiant did not reveal the CI's arrest on the same day of the affidavit's preparation.  ECF 26 at 9.  He incorrectly claims the "affidavit fails to explain the circumstances that led to the CRI providing information" about him.  *Id.*  Attempting to prevent disclosure of CI's identity, the affiant did not provide an exact date of the CI's cooperation and information, but disclosed the reason why CI provided "information (was) for **consideration on pending criminal charges** which includes drug charges **where Ronald Wayne Thrasher was the source of the methamphetamine**."  ECF 27, Exhibit A at 3.

Lastly, defendant complains the affiant did nothing to corroborate defendant actually resided at the Madras residence.   He correctly claims if the affiant checked with DMV or looked at his "rap sheet," his address would (wrongly) show Gresham, not Madras.

Defendant moved into the Madras residence in December 2016, and six months later, had not notified DMV, as required by law, of his new address.  U.S. Probation Office knew of defendant's Madras residence, but his "rap sheet" incorrectly indicated Gresham.

Defendant overlooks the fact that the affiant had heard defendant agreeing to meet the CI.  ECF 27, Exhibit A at 3.  Defendant told the CI that he was "driving from Prineville, OR towards Madras and was almost to the Terrebonne area," and the CI "could meet him at his residence."  ECF 27, Exhibit B at 1.  Aware of defendant's statement that he was driving toward Madras (not Gresham), and defendant's statement that the CI could meet him at his residence, defendant's own words confirmed/corroborated the accuracy of the CI's information to the affiant about the location of defendant's residence.

## Disclosure of Confidential Informant's Identity

In the words of Judge Learned Hand in *United States v. Dennis*, 183 F.2d 201, 224 (2d 1950) *aff'd*, 341 U.S. 494 (1951):

"Courts, have countenanced the use of informers from time immemorial; in cases of conspiracy, or in other cases when the crime consists of preparing for another crime, it is usually necessary to rely on them or upon accomplices because the criminals will almost certainly proceed covertly."

The Supreme Court has recognized that the government enjoys a privilege "to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States,* 353 U.S. 53, 59 (1957). Applying *Roviaro* to the context of criminal discovery, the Ninth Circuit has held that in certain circumstances, the prosecution may, pursuant to the privilege, refrain from disclosing a confidential informant's identity to the defendant. *United States v. Williams*, 898 F.2d 1400, 1402 (9th Cir. 1990). But, the privilege is not absolute. It is qualified by the defendant's fundamental due process right to a fair trial. When balancing the public's interest in nondisclosure against the defendant's interests in a fair trial, courts must weigh "the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Roviaro*, 353 U.S. at 62; *United States v. Napier*, 436 F.3d 1133, 1137-39 (9th Cir. 2006)(no abuse of discretion by denying disclosure of informant's identity because government interest in keeping informer anonymous was paramount, court provided redacted versions of evidence, and court offered to conduct *in camera* interview with informant).

It is defendant's burden to show a relevant need to know the informer's identity. If defendant satisfies his burden, the denial of the disclosure of the informer's identity cannot be solely because of the potential danger to the informant. *United States v. Ordonez*, 737 F.2d 793, 809 (9th Cir. 1984).

On September 22, 2017, defendant filed this motion. ECF 26. On September 22, 2017, in compliance with Ninth Circuit law, the government provided this Court for *in camera* review information about the CI. ECF 35, 36; *United States v. Spires*, 3 F.3d 1234, 1238-39 (9th Cir. 1993)(court required to conduct *in camera* review to determine identity of informant where identity critically relevant to defendant's theory of the case).

Ultimately, it is the government's obligation to disclose an informant's identity if it is "relevant and helpful to the defense . . . or is essential to a fair determination of a cause." *Rovario*, 353 U.S. at 60-61. The government must meet constitutional disclosure duties set forth in *Brady v. Maryland*, 373 U.S. 83, 87 (1963), *Giglio v. United States*, 405 U.S. 150, 155 (1972), and *Kyles v. Whitley*, 514 U.S. 419, 437 (1995), and statutory duties under Rules 12.1, 16, and 26.2 of the *Federal Rules of Criminal Procedure*.

Aware of these obligations and the need to accord defendant a fair trial and due process, the government does <u>not</u> oppose defendant's motion for an order allowing issuance of subpoenas *duces tecum*, and does <u>not</u> object to the Court's issuance of the proposed order.

\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\

Defendant correctly reports the CI "mentioned in the search warrant affidavit likely will be a government witness at trial on the narcotics-related charges." ECF 26 at 11. Accordingly, the government will timely disclose to defendant the CI information provided this Court for *in camera* review on September 22, 2016. ECF 35, 36.

Dated this 27th day of September, 2017.

                                      Respectfully submitted,

                                      BILLY J. WILLIAMS
                                      United States Attorney

                                      *s/Frank R. Papagni, Jr.*
                                      _____
                                      FRANK R. PAPAGNI, OSB #762788
                                      Assistant United States Attorney
                                      (541) 465-6771